HARRIET HAAS et al., Appellants,. *v.* THE CITY OF NEW YORK, Respondent.

(Supreme Court, Appellate Term, First Department, June, 1919.)

Negligence — break of water main — damages — evidence — municipal corporations.

> Where in making a second test of pipes, the turning on of full pressure from a new aqueduct was succeeded by a break in a water main, causing an inflow of water, and in an action for damages resulting therefrom to plaintiffs' premises it appears that the increased pressure caused the break, the defendant city cannot escape liability for negligence by proof that the proper way of performing the work would have been more expensive.

APPEAL by plaintiffs from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, dismissing the complaint on the merits, after a trial without a jury.

Hoadly, Lauterbach & Johnson (Henry Siegrist, Jr., of counsel), for appellants.

William P. Burr, corporation counsel (Terence Farley, Willard S. Allen, David C. Broderick, of counsel), for respondent.

BIJUR, J. Plaintiffs sue for damage to premises occupied by them caused by an inflow of water resulting from a break in a water main. The break succeeded the turning on of full pressure from the new Catskill aqueduct. It was shown that the pipes which burst had been laid some forty-seven years ago at a time when the art of casting was not as well developed as at present; that such pipes undoubtedly corrode and grow weaker with use; that the city authorities were well aware that there was some danger of bursting as a result of the proposed increased pressure; that the pressure previously employed was twenty-five pounds to the square inch; that ten additional pounds were first added; that the pipes thereupon broke in two localities in the neighborhood of plaintiffs' premises; that two weeks thereafter an additional ten pounds pressure was introduced, and that two days later the break occurred which is the subject matter of the present action.

It is urged on behalf of the city that no causal connection was shown between the break in the pipes and the increased pressure. The question whether an effect complained of has been adequately traced to an actionable cause is necessarily one of degree, and must be determined in each particular case according to all its circumstances. I think it suffices without rehearsing the facts to say that the evidence is sufficient to convince a reasoning mind — perhaps even beyond a reasonable doubt — that the increased pressure caused the break.

The city also contends that it is not chargeable with negligence under the general rule which accords to a municipality greater leeway in these matters than to an individual, and also, because, as it claims, it was a fair inference from the testimony adduced at the trial that there was no feasible mode of testing the pipes

before pressure was applied, except by digging up all the city streets and testing every foot of pipe.

The more liberal rule as to the city's vigilance and diligence has no application. Here no question of notice or knowledge is involved, it being apparent that all the facts were known to, and the situation perfectly realized by, the appropriate city authorities. Whether, and to what extent, typical tests might have been made I do not think has been adequately developed at the trial; but assuming that the only perfectly reliable test would have been to examine all the pipes at a prodigious expense, the city cannot escape liability by voluntarily avoiding such expense and then practically making a more economical test at plaintiffs' cost. The method adopted amounted to a test in practice, and the two breaks first referred to were a sufficient indication of what might and actually did thereafter follow. The second test in practice resulted in the break which caused the damage here complained of. I have no hesitation in holding that while the method adopted may have been on the whole a wise one from the standpoint of economy, the city cannot escape liability for its negligence by showing that the proper way of performing this work would have been more expensive.

Judgment reversed and judgment directed for the plaintiffs for the full amount, with costs, together with thirty dollars costs of this appeal.

Judgment reversed, with costs.